IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PAUL STEHLEY                                                                                          PLAINTIFF

v.                                    Case No. 4:23-cv-00839-BRW

TRAVELERS INDEMNITY COMPANY, and
THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY                                                                          DEFENDANTS

## ANSWER

The Travelers Indemnity Company and The Travelers Home and Marine Insurance Company (collectively "Travelers"), for their answer to plaintiff's complaint, state:

1. Travelers lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiff's complaint.

2. Travelers admits the allegations in the first sentence of paragraph 2 of plaintiff's complaint. Travelers denies the remaining allegations in paragraph 2 of plaintiff's complaint.

3. Travelers denies that a covered loss occurred. Travelers admits the remaining allegations in paragraph 3 of plaintiff's complaint.

4. Travelers admits that premiums were paid for the relevant policy and that plaintiff and The Travelers Home and Marine Insurance Company had contractual obligations as stated in the policy. Travelers states that the policy speaks for itself, denies the allegations in paragraph 4 of plaintiff's complaint to the extent they are inconsistent with the policy, and denies any remaining allegations in paragraph 4 of plaintiff's complaint.

5. Travelers lacks knowledge and information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 5 of the complaint. Travelers admits that

plaintiff made a claim and that a file was opened November 22, 2022. Travelers denies the remaining allegations in paragraph 5 of plaintiff's complaint.

6. Travelers denies the allegations in paragraph 6 of plaintiff's complaint.

7. As to the filing date and the allegations asserted in the underlying complaint referenced in paragraph 7 of plaintiff's complaint, the underlying complaint speaks for itself. Travelers lacks knowledge and information sufficient to form a belief as to whether plaintiff was provided a copy of the underlying complaint. Travelers denies any remaining allegations in paragraph 7 of plaintiff's complaint.

8. The communications referenced in paragraph 8 of plaintiff's complaint speak for themselves. To the extent that the allegations in paragraph 8 of the complaint are inconsistent with the referenced communications, Travelers denies them.

9. Travelers denies the allegations in paragraph 9 of plaintiff's complaint.

10. The communications referenced in paragraph 10 of plaintiff's complaint speak for themselves. To the extent that the allegations in paragraph 10 of plaintiff's complaint are inconsistent with the referenced communications, Travelers denies them.

11. Travelers admits that Mr. Higgins was granted a default judgment, that a damages hearing was held, and that Mr. Higgins and his wife were awarded $1,269,218.50 against plaintiff. Travelers denies the remaining allegations in paragraph 11 of plaintiff's complaint.

12. In response to paragraph 12 of plaintiff's complaint, Travelers re-asserts paragraphs 1-11 of this answer.

13. Travelers admits that the relevant insurance policy is a contract between plaintiff and The Travelers Home and Marine Insurance Company that was in effect on August 20, 2022. Travelers denies the remaining allegations in paragraph 13 of plaintiff's complaint.

14. Travelers admits that the relevant insurance policy imposed obligations on plaintiff and The Travelers Home and Marine Insurance Company as stated in the policy. The policy speaks for itself. To the extent that the allegations in paragraph 14 of plaintiff's complaint are inconsistent with the policy, Travelers denies them. Travelers denies that the policy imposed any duty on The Travelers Indemnity Company and denies any remaining allegations in paragraph 14 of plaintiff's complaint.

15. Travelers admits that the relevant insurance policy imposed obligations on plaintiff and The Travelers Home and Marine Insurance Company as stated in the policy. The policy speaks for itself. To the extent that the allegations in paragraph 15 of plaintiff's complaint are inconsistent with the policy, Travelers denies them. Travelers denies that the policy imposed any duty on The Travelers Indemnity Company and denies any remaining allegations in paragraph 15 of plaintiff's complaint.

16. Travelers denies the allegations in paragraph 16 of plaintiff's complaint.

17. Travelers denies the allegations in paragraph 17 of plaintiff's complaint.

18. Travelers denies the allegations in paragraph 18 of plaintiff's complaint.

19. Travelers denies the allegations in paragraph 19 of plaintiff's complaint.

20. Travelers admits that plaintiff requests a trial by jury.

21. Travelers denies that plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.

22. Travelers denies each and every allegation in plaintiff's complaint not specifically admitted in this answer.

23. Travelers denies that it is liable to plaintiff. After plaintiff served Travelers with the complaint and summons, Travelers undertook an investigation. Travelers has viable defenses

to plaintiff's claim, including plaintiff's failure to satisfy the notice condition precedent in the relevant insurance policy and plaintiff's failure to cooperate in the defense of the underlying lawsuit.  Despite these viable defenses, The Travelers Home and Marine Insurance Company has committed to paying any amount for which plaintiff is legally liable in the underlying case, including interest, at the conclusion of the underlying case, including any appeal.  The Travelers Home and Marine Insurance Company has made this commitment notwithstanding the Coverage E limit of liability in the relevant insurance policy.  These voluntary expansions of the coverage provided to plaintiff under the relevant insurance policy did not require plaintiff to relinquish any rights.  Because The Travelers Home and Marine Insurance Company has agreed to pay any amount for which plaintiff is legally liable in the underlying case at the conclusion of that litigation, plaintiff has no claim for damages due to an alleged breach of the relevant insurance policy.

24. Plaintiff's complaint fails to state a claim upon which relief may be granted, and it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

25. The Travelers Indemnity Company is not a proper defendant because it did not underwrite or issue the policy, as evidenced by Exhibit 1 to plaintiff's complaint.  Thus, plaintiff has failed to state a claim against The Travelers Indemnity Company upon which relief can be granted, and any claim against The Travelers Indemnity Company should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

26. Travelers' conduct during the investigation and claims-handling process has been in accordance with applicable law and the terms of the applicable policy.

27. Plaintiff has no right to any penalty, interest, fees, or costs.

28. Travelers reserves the right to plead further by amendment, counterclaim, third-party practice, or otherwise.

WHEREFORE, The Travelers Indemnity Company and The Travelers Home and Marine Insurance Company pray that plaintiff's complaint be dismissed, for their costs and expenses, and for all other relief to which they are entitled.

        E. B. Chiles IV, Ark. Bar No. 96179
        R. Ryan Younger, Ark. Bar No. 2008209
        Laura O'Hara, Ark. Bar No. 2021150
        QUATTLEBAUM, GROOMS & TULL PLLC
        111 Center Street, Suite 1900
        Little Rock, Arkansas 72201
        (501) 379-1700 Telephone
        (501) 379-1701 Facsimile
        cchiles@qgtlaw.com
        ryounger@qgtlaw.com
        lohara@qgtlaw.com

*Attorneys for The Travelers Indemnity Company and The Travelers Home and Marine Insurance Company*