**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**PAUL STEHLEY** **PLAINTIFF**

**V.** **4:23CV00839 JM**

**TRAVELERS INDEMNITY COMPANY, and**
**THE TRAVELERS HOME AND MARINE**
**INSURANCE COMPANY** **DEFENDANT**

**CORRECTED AND AMENDED ORDER**

Pending is Stehley's Motion for Attorney's Fees. (Docket #47). Travelers has filed a response, docket #50. The motion is ripe for consideration.

A fee award is calculated based upon the "lodestar" determination, the starting point of which is the number of hours reasonably spent multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Eighth Circuit Court of Appeals also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)): (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley*, 461 U.S. at 434. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts "may take into

account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

**I. Requested Hourly Rates**

The Court finds the hourly rate of $350.00 per hour for Mr. Taylor to be reasonable based on the underlying complexity and novelty of the case. Further, the rate is consistent with the market rate in Little Rock for an attorney with Mr. Taylor's background and experience.

**II. Number of Hours**

The Court finds the number of hours billed by Mr. Taylor to be reasonable. Three hundred and thirteen hours resulting in the Plaintiff being relieved of a $1,269,218.50 judgment is reasonable and recoverable.

**III. Recovery pursuant to the Contingency Fee Agreement**

Plaintiff asks the Court to award attorney's fees based on the 40% contingency fee agreement entered in the case. He argues that he is entitled to fees in the amount of $400,000.00 based on the ultimate $1,000,000.00 paid to settle the underlying case. However, a contingency fee agreement entitles counsel to a percentage of his client's recovery. Here, the settlement of the underlying judgment was paid to a third-party. Stehley was not awarded any judgment in his favor from which a contingency fee could be collected. Even if the contingency fee agreement were to control in this case, the Court finds such an award would be unreasonable.

For these reasons, the Court finds an award of $109,550.00 to be the appropriate lodestar amount and that amount is awarded in attorneys' fees.[1]

---

[1] The Court entered an order in error at docket #51. The Clerk is directed to remove the document filed at docket #51.

IT IS SO ORDERED this 30th day of July, 2026.

James M. Moody Jr.
United States District Judge